## No. 17,829.

BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY
*v.* MILES D. COTTINGHAM AND FRUITDALE
SANITATION DISTRICT, ET AL.
(301 P. [2d] 135)

Decided August 27, 1956.   Rehearing denied September 24, 1956.

Mr. MANSUR TINSLEY, for plaintiff in error.

Mr. KELLY O'NEALL, JR., for defendants in error.

*En Banc.*

MR. JUSTICE SPARKS delivered the opinion of the Court.

PLAINTIFF in error is the Board of County Commissioners of Jefferson County, Colorado, and is hereinafter referred to as the County. Defendant in error Fruitdale Sanitation District is a quasi-municipal corporation existing under the laws of Colorado and is hereinafter referred to as the District. Defendants in error Miles D. Cottingham and Ralph Mannon are hereinafter referred to as the Contractors.

On March 19, 1951, the County adopted a resolution requiring every person, firm or corporation, including municipal corporations, to apply for and obtain a permit before cutting into or excavating any street, highway or road under the jurisdiction of the County. This resolution required every applicant to submit certain engineering data in connection with the proposed excavation and further provided for a schedule of permit fees to be paid by the applicant. A charge of 30¢ per square foot was to be made for cuts into paved streets, and a charge of 15¢ per square foot for cuts into unpaved streets.

After the passage of the resolution above referred to the District through its Contractors began cutting sewer trenches through certain roads under the jurisdiction of the County without first applying for or obtaining a permit from the County. The County thereupon instituted an action in injunction against the Contractors in the district court of Jefferson County. The district court denied this injunction, and to review this denial the County brings this matter here by writ of error.

The County relies upon the principle announced

by this Court in the case of *Public Utilities Commission v. Manley*, 99 Colo. 153, 60 P. (2d) 913, as follows:

"In the exercise of its police power it cannot now be questioned that for the protection of the public the state may regulate and restrict the manner in which the public highways of the state shall be used."

Counties by law are charged with the responsibility of county highways. C.R.S. '53, 120-13-11. In addition to this responsibility the legislature has authorized the state highway department to contract with the counties for maintenance or construction of state highways lying within a county. C.R.S. '53, 120-13-4. The authority to delegate this power was confirmed by the Manley case, supra. In the absence of any statutory authority to the contrary, therefore, it is clear that a county does have both general and specific duties with reference to the highways under its jurisdiction. Indeed, the great responsibility and control which modern highways demand make this rule imperative.

However, the District here is organized under a specific legislative enactment, to wit, C.R.S. '53, 89-5-1, et seq., and more particularly with reference to the problem at hand, as follows, C.R.S. '53, 89-5-13:

"Powers of board.—For and on behalf of the district the board shall have the following powers:

"(11) To construct and maintain works and establish and maintain facilities across or along any public street or highway, * * *. The district shall promptly restore any such street or highway to its former state of usefulness as nearly as may be, and shall not use the same in such manner as to completely or unnecessarily impair the usefulness thereof."

In short, the District had express legislative authority to undertake the construction which precipitated this action. The issue before us is whether or not the County had the authority to implement this legislative enactment by requiring the payment of the fees here in question.

█ The trial court held that the District had the statutory duty of restoring the roads to their original condition, and that the assessment of fees by the County for the purpose of this restoration was a usurpation of a duty specifically provided by statute. It is our conclusion that the trial court was correct.

█ In *Chase, et al. v. Board of Commissioners of Boulder County,* 37 Colo. 268, 86 Pac. 1011, it was held that such power in a county could not be implied where by statute the identical duty was imposed upon another agency.

█ We find nothing in the opinion of the trial court to deny the County reasonable regulation of roads under its jurisdiction, including the requirement of a bond to insure proper road restoration. However, by the assessment of the fees in question, the County attempted to assess damages before they occurred and before they could actually be determined, and in doing so undertook to discharge a duty which devolved upon the defendant District by statute.

The judgment is affirmed.